UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-62438-GAYLES/STRAUSS

**NOBLE HOUSE, LLC**,

    Plaintiff,

v.

**DERECKTOR FLORIDA, INC.**,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss For Failure to State a Claim or to Strike Certain Allegations (the "Motion"), [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted.

**I.  BACKGROUND**[1]

Plaintiff Noble House is a Republic of Marshall Islands limited liability company and the former owner of record for a commercial registered charter vessel, a 2005 177-foot Sensation Yachts Tri-Deck then named the M/V NOBLE HOUSE (the "Vessel"). Defendant Derecktor Florida, Inc. is a refit and repair facility in Dania, Florida. Defendant holds itself out as being "refit central", "refit savvy", and claims their yard is specifically designed and equipped for servicing today's ultra-sophisticated megayachts. Plaintiff and Defendant entered into a written contract where Defendant agreed to provide certain services and materials to the Vessel and Plaintiff agreed to pay for Defendant's work (the "Agreement" or "Contract").

---

[1] As the Court is proceeding on a Motion to Dismiss, it takes Plaintiff's allegations in the Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

On or about August 1, 2016, the Vessel arrived at Defendant's shipyard to undergo repair work and maintenance. The Vessel remained at the shipyard until September 20, 2017. During that time, Defendant performed over 100 hours of work related to the Vessel's rudders. However, the work Defendant performed on the Vessel's rudders fell below industry standard and did not comply with the requirement of the Vessel's classification society, the American Bureau of Shipping ("ABS").

As a result of Defendant's poor work performance and its use of a non-ABS-approved method to secure the rudder in place, on or about August 20, 2018, while the Vessel was navigating from Great Exuma, Bahamas to Fort Lauderdale, Florida, the port rudder fell away from the Vessel causing the Vessel to sink. Crewmembers and local salvors joined efforts to save the Vessel. Scuba divers were even used to patch the Vessel from the outside. Despite everyone's best efforts, the Vessel partially sank and was badly damaged. As a result of Defendant's faulty work, Plaintiff had to pay the local salvors $700,000.00 for their salvage services. Additionally, Plaintiff suffered damages including salvage expenses, the cost of repairs and replacement of damaged parts and equipment, dockage expenses, and lost profits as well as other losses.

On November 30, 2020, Plaintiff filed this action. [ECF No. 1]. Plaintiff brings four counts against Defendant: negligence (Count I), breach of contract (Count II), unjust enrichment (Count III), and breach of warranty of workmanlike performance (Count IV). On December 28, 2020, Defendant filed the instant Motion seeking dismissal of Counts I, II, and III and requesting that the Court strike Plaintiff's prayers for relief in Counts II and IV. [ECF No. 6].

**II.     LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleadings are construed broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). On a motion to dismiss, the court need not determine whether the plaintiff "will ultimately prevail . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This includes a prayer for relief seeking damages that are not recoverable as a matter of law. *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1351 (S.D. Fla. 2020).

### III.   DISCUSSION[2]

#### A.   Count I – Negligence

There is no dispute here that a contract exists between the parties. Therefore, Defendant contends that Plaintiff cannot maintain its negligence claim because the claim is based on the exact same allegations of misconduct as Plaintiff's breach of contract claim. A plaintiff can only maintain a breach of contract claim and a negligence claim against a party in which it has contractual privity "where a breach of contract is combined with some other conduct amounting

---

[2] Because the Court maintains admiralty jurisdiction over this matter under 28 U.S.C. § 1333, it applies general federal maritime law. *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1231 (11th Cir. 2014) ("With admiralty jurisdiction comes the application of substantive admiralty law.") (quoting *E. River S.S. Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858, 864 (1986)); *Doe*, 394 F.3d at 902 ("[W]e conclude that this Court has admiralty jurisdiction over the case. Consequently, we apply federal admiralty law . . . ."). "Absent a relevant statute, the general maritime law, as developed by the judiciary, applies." *Franza*, 772 F.3d at 1231 (quoting *E. River S.S. Corp.*, 476 U.S. at 864).

to an independent tort[.]" *Lamm v. State Street Bank & Trust*, 749 F.3d 938, 947 (11th Cir. 2014) (citing *U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc.*, 134 So. 3d 477, 480 (Fla. 2d DCA 2013)); *see also Burdick v. Bank of Am., N.A.*, 99 F. Supp. 3d 1372, 1378 (S.D. Fla. 2015) ("It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such a breach can constitute negligence.").

Here, the basis for Plaintiff's negligence claim and breach of contract claim is the same: Defendant's faulty and substandard work on the rudders. Plaintiff alleges that Defendant had a duty to use reasonable care in the performance of its work on the Vessel and breached this duty when it failed to use reasonable care "in their planning, maintenance, re-installation, engineering, and performance of flag state compliance procedures related to the Vessel's rudder system." [ECF No. 1 ¶¶ 23, 24]. Plaintiff also alleges that Defendant breached the contract because it "provided substandard work." *Id.* at ¶ 32. But in support of both claims, Plaintiff alleges that the work Defendant "performed to the Vessel's rudders fell below industry standard and did not comply with the [ABS]." *Id.* at ¶ 14. The factual overlap between these claims cannot support the conclusion that Defendant engaged in additional conduct, apart from the alleged contractual breach, that would amount to an independent tort. As Plaintiff's negligence claim cannot stand, the Motion is granted as to Count I.

### B. Count II – Breach of Contract

Defendant argues that Plaintiff fails to state a claim for breach of contract because it fails to allege what provision of the contract was breached. Plaintiff's allegations for breach of contract are barebone. Plaintiff alleges no more than the following: that Plaintiff and Defendant entered into a written contract where Defendant agreed to provide certain services and materials to the Vessel, that Plaintiff agreed to pay for Defendant's work, and that Defendant breached the Contract by providing substandard work and by overbilling the Plaintiff for the work.

While Plaintiff did not attach a copy of the agreement to the Complaint, Defendant attached the Contract to its Motion. While the federal pleading requirements do not require the parties to attach contracts to their complaint to allege breach of contract, a breach of contract cannot be implied and a plaintiff must point to an express provision in the contract that creates the obligation allegedly breached. *See Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1340 (S.D. Fla. 2012).

In its Response to the Motion, Plaintiff argues "[a] fair reading of [its] allegations suggests that poor workmanship and/or substandard work [stated in paragraphs 36(a) and 39(a) of the Contract] constitute the crux of Plaintiff's grievances against Derecktor." [ECF No. 7 at 12]. However, the Complaint does not give Defendant notice of the exact provisions breached to sufficiently state a claim for breach of contract. *See Pedro Garay v. Select Portfolio Servicing Inc.*, No. 1:19-CIV-23323-JLK, 2020 WL 10823745, at *10 (S.D. Fla. Aug. 7, 2020) (finding that "[t]he breach of contract claim, Count II, does not sufficiently allege a breach of the contract because it fails to specify which provision of the Mortgage was allegedly breached."); *Brown v. Cap. One Bank (USA), N.A.*, No. 15-CIV-60590, 2015 WL 5584697, at *3 (S.D. Fla. Sept. 22, 2015) ("Although Plaintiffs allege the existence of written contract, they fail to identify the specific provision(s) of the contract Capital One allegedly breached. For this reason alone, their breach of contract claim must fail.") (citations omitted); *George v. Wells Fargo Bank, N.A.*, No. 13-CIV-80776, 2014 WL 61487, at *4 (S.D. Fla. Jan. 8, 2014) ("The Amended Complaint does not identify which provision of the permanent loan modification has been breached and therefore runs afoul of *Twombly*."). Therefore, the Motion is granted as to Count II.

C.  **Count III – Unjust Enrichment**

Defendant argues that Plaintiff's unjust enrichment claim fails because Plaintiff has an adequate remedy at law for breach of contract and cannot allege an alternative claim for unjust

5

enrichment. "It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy." *Vazquez v. Gen. Motors, LLC*, No. 17-civ-22209, 2018 WL 447644, at *7 (S.D. Fla. Jan. 16, 2018) (quotation omitted). Under Florida law, a party may only plead unjust enrichment as an alternative for relief if one or more parties contest whether an express contract exists governing the subject of the dispute. *Martorella v. Deutsche Bank Nat. Tr. Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013). Otherwise, the unjust enrichment claim fails. *Id.* As neither party disputes the existence of the Contract, the Motion is granted as to Count III.

### D. Count IV – Breach of Warranty of Workmanlike Performance

As to Count IV, Defendant does not argue that Plaintiff has not stated a claim for breach of warranty of workmanlike performance. Instead, Defendant asks the Court to strike certain prayers for relief as precluded by the parties' Agreement. "Parties to a contract for the repair of a vessel may validly agree to limit the repairer's liability." *Diesel "Repower", Inc. v. Islander Invs. Ltd.*, 271 F.3d 1318, 1324 (11th Cir. 2001). However, a limitation of liability clause in a maritime contract is only enforceable when the clause "(1) clearly and unequivocally indicate[s] the parties' intentions; (2) [does] not absolve the repairer of all liability and still provide[s] a deterrent to negligence; and (3) the "businessmen" must have equal bargaining power so there is not overreaching." *Mount Sage, Ltd. v. Rolls-Royce Com. Marine Inc.*, 635 F. App'x 833, 836–37 (11th Cir. 2016) (citing *Diesel*, 271 F.3d at 1324). Plaintiff argues that the limitation of liability clause is unenforceable as a matter of law because it does not create a deterrence to negligence.

"[W]hether the terms of a limitation of liability clause are a sufficient deterrent to negligence is a fact-specific inquiry considering the liability risks compared to the overall obligations under the contract." *Mount Sage*, 635 F. App'x at 837 (quotations omitted). Here, the limitation of liability clause in the Agreement provides as follows:

> The Owner's sole and exclusive remedy against the Contractor under this warranty shall be for the repair or replacement of the defect or deficiency and in no event shall the Contractor be liable for any consequential loss, damages or expenses arising from any such defect or deficiency, including, but not limited to claims for bodily injury, illness, disease, death, loss of service, loss of society, maintenance and cure, wages, property damage, delays, demurrage, loss of profit, loss revenues or any other consequential damages arising out of any breach of this Contract or the performance thereof.

[ECF No. 6-1 at 4]. The Agreement further provides that "[i]n no event, whether based upon contract, tort, warranty, or otherwise, shall the Contractor be liable to the Owner or the Vessel or obligated in any manner to pay special, consequential, punitive, incidental, indirect or similar damages for any reason in connection with this Contract and the transactions contemplated hereby." *Id.*

Under the Agreement, Defendant is required to repair or replace any alleged defect with the Vessel. Accordingly, Defendant's liability risk pertains to the rudders at issue and any repair or replacement presumably includes the 100 hours of work performed by Defendant related to the rudders. Considering Defendant's obligations under the contract, its potential liability, despite the limitations, is a sufficient deterrent to negligence. *See Mount Sage*, 635 F. App'x at 837 (finding that the defendant's obligation to pay 20% of the purchase order price and provide uncompensated labor and replacement parts to conduct repairs under warranty was a sufficient deterrent to negligence). Therefore, the Court finds the limitation of liability provisions to be enforceable. As such, to the extent Plaintiff seeks damages precluded by the Agreement, those requests are stricken.

### E.   Attorney's Fees Demand

Further, Defendant contends that Plaintiff is not entitled to attorney's fees under the Agreement. Under maritime law, a party is not entitled to attorney's fees unless fees are statutorily or contractually authorized. *Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co.*, 207 F.3d 1247, 1250 (11th Cir. 2000). In this case, the Agreement contains a unilateral provision where attorney's

7

fees are contractually authorized for only the Defendant if it prevails. Despite that provision, Plaintiff argues that a Florida Statute § 57.105(7) authorizes attorney's fees in its favor if it prevails. Section 57.105(7) provides that a unilateral contract clause—for the benefit of one party—for prevailing party attorney's fees may be bilateral in effect—such that the court may also allow reasonable attorney's fees to the other party if it prevails. Fla. Stat. Ann. § 57.105(7). However, § 57.105(7) does not apply here as the state law claims have been dismissed.

"State law may be applied to issues of a maritime nature if: (1) there is not an act of Congress that speaks to the issue; (2) the state law does not contravene a characteristic feature of the general maritime law; and (3) the state law does not interfere with the proper harmony and uniformity of maritime law." *Misener*, 594 F.3d at 839. Section 57.105(7) contravenes a characteristic feature of maritime law. Maritime law adopts the long-standing American Rule which provides that each party generally bears the costs of its own attorneys' fees. *Id.* at 841. Here, only Defendant contracted out of the general rule to allow recovery for attorney's fees if it prevails. Plaintiff cannot "alter the terms of its contract through the retroactive injection of a state law that contravenes a principle of substantive maritime law." *Id.* Therefore, Plaintiff's request for attorney's fees is stricken.

## IV.   CONCLUSION

Based on the foregoing reasons, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss For Failure to State a Claim or to Strike Certain Allegations, [ECF No. 6], is **GRANTED.**
2. Counts I, II and III are **DISMISSED without prejudice**.
3. Plaintiff's request for attorney's fees and any damages precluded by the Agreement are **STRICKEN.**
4. Plaintiff may request leave to file an amended complaint on or before **September 27,**

**2021**.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of September, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] If Plaintiff wishes to amend its Complaint, it must request leave to file an amended complaint in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").