UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-62438-GAYLES/STRAUSS

**NOBLE HOUSE, LLC**,

    Plaintiff,

v.

**DERECKTOR FLORIDA, INC.**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim or to Strike Certain Allegations (the "Motion") [ECF No. 48]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted in part.

**I.    BACKGROUND**[1]

Plaintiff Noble House, LLC is a Republic of Marshall Islands limited liability company and the former owner of a commercially registered charter vessel, a 2005 177-foot Sensation Yachts Tri-Deck named the M/V Noble House (the "Vessel"). Defendant Derecktor Florida, Inc. is a shipyard facility in Dania, Florida. On September 28, 2016, Plaintiff and Defendant entered into a written contract titled "Derecktor of Florida Dockage and Yard Agreement" wherein Defendant was to repair and refit the Vessel (the "Agreement").

---

[1] As the Court is proceeding on a Motion to Dismiss, it takes Plaintiff's allegations in the Amended Complaint, [ECF No. 47], as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

On October 3, 2016, the Vessel arrived at Defendant's shipyard. The Vessel remained at the shipyard until December 4, 2017. During that time, Defendant performed work on the Vessel's rudders. However, the work Defendant performed on the Vessel's rudders did not conform with industry standards and did not comply with the American Bureau of Shipping's standards.

As a result of Defendant's poor work performance and its use of a non-approved method to secure the rudder in place, on August 20, 2018, while the Vessel was navigating near Great Exuma, Bahamas, the port-side rudder detached from the Vessel, causing the Vessel to flood. Crewmembers and local salvors joined efforts to save the Vessel, which was towed and arrived in the Bahamas on August 26, 2018. The local salvors subsequently demanded approximately $3,300,000 in compensation for their work salvaging the Vessel. As a result of Defendant's faulty work, Plaintiff suffered damages including salvage expenses, the cost of repairs and replacement of damaged parts and equipment, dockage expenses, lost profits, losses of the Vessel's value, professional fees, and attorney's fees.

## II. PROCEDURAL HISTORY

On November 30, 2020, Plaintiff filed this action. [ECF No. 1]. Plaintiff brought four counts against Defendant: (1) negligence (Count I); (2) breach of contract (Count II); (3) unjust enrichment (Count III); and (4) breach of warranty of workmanlike performance (Count IV). On December 28, 2020, Defendant moved for dismissal of Counts I, II, and III and requested that the Court strike Plaintiff's prayers for relief in Counts II and IV. [ECF No. 6]. The Court granted that Motion. [ECF No. 27]. Relevant here, the Court found that (1) Plaintiff's negligence claim failed because it was based on the same underlying conduct as the breach of contract claim; (2) Plaintiff's unjust enrichment claim failed because it could not be pled as an alternative relief where neither party disputed the existence of the Agreement at issue; and (3) Plaintiff's request for certain damages were precluded because the Agreement's limitation of liability provisions were

2

enforceable. *Id.*

On November 15, 2021, Plaintiff filed its First Amended Complaint. [ECF No. 48]. Plaintiff brings five counts against Defendant: (1) negligence (Count I); (2) breach of contract (Count II); (3) unjust enrichment (Count III); (4) breach of warranty of workmanlike performance (Count IV); and (5) gross negligence (Count V). Subsequently, Defendant filed the instant Motion seeking dismissal of Counts I, III, and V and that the Court strike certain requests for relief.

### III.   LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleadings are construed broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). On a motion to dismiss, the court need not determine whether the plaintiff "will ultimately prevail . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This includes a prayer for relief seeking damages that are not recoverable as a matter of law. *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1351 (S.D. Fla. 2020).

3

IV.   DISCUSSION[2]

    A.   **Count I – Negligence**

Once again, Plaintiff's negligence claim fails because it is based on the same allegations of misconduct as Plaintiff's breach of contract claim. There is no dispute that a contract exists between the parties which covers repairs and other services to the Vessel. A plaintiff can only maintain a breach of contract claim and a negligence claim against a party in which it has contractual privity "where a breach of contract is combined with some other conduct amounting to an independent tort[.]" *Lamm v. State Street Bank & Trust*, 749 F.3d 938, 947 (11th Cir. 2014) (citing *U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc.*, 134 So. 3d 477, 480 (Fla. 2d DCA 2013)); *see also Burdick v. Bank of Am., N.A.*, 99 F. Supp. 3d 1372, 1378 (S.D. Fla. 2015) ("It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such a breach can constitute negligence." (citation omitted)).

Though Plaintiff attempts to assert additional support for its negligence claim, the basis for the negligence and breach of contract claims is still the same: "Defendant's faulty and substandard work on the rudders." [ECF No. 27 at 4]. Plaintiff alleges that Defendant breached the Agreement "by providing substandard workmanship in securing the Vessel's port-side rudder[.]" [ECF No. 47 at ¶ 48]. In its negligence claim, Plaintiff alleges that Defendant had a duty to use reasonable care in the performance of its work on the Vessel and breached this duty when it "failed to use reasonable care by negligently securing the port-side rudder to the Vessel." *Id.* at ¶¶ 36, 38.

---

[2] Because the Court maintains admiralty jurisdiction over this matter under 28 U.S.C. § 1333, it applies general federal maritime law. *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1231 (11th Cir. 2014) ("With admiralty jurisdiction comes the application of substantive admiralty law.") (quoting *E. River S.S. Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858, 864 (1986)); *Doe*, 394 F.3d at 902 ("[W]e conclude that this Court has admiralty jurisdiction over the case. Consequently, we apply federal admiralty law . . . ."). "Absent a relevant statute, the general maritime law, as developed by the judiciary, applies." *Franza*, 772 F.3d at 1231 (quoting *E. River S.S. Corp.*, 476 U.S. at 864).

Plaintiff argues that this time its negligence claim is distinct due to additional duties that were breached, namely a failure to warn Plaintiff that Defendant deviated from the standard method of locking the rudder. [ECF No. 49 at 6]. However, even that conduct is alleged in Plaintiff's breach of contract claim. [ECF No. 47 at ¶ 50] ("Defendant breached the Yard Agreement by failing to acquire prior approval of Defendant's unilateral choice to secure the Vessel's port-side rudder with an alternative securing mechanism."). The Agreement even appears to contemplate this type of conduct. *Id.* at ¶ 47 (listing a provision of the Agreement that states Defendant "shall perform Services in accordance with the provisions of this Contract and in a professional and workmanlike manner with a degree of skill and care *consistent with the practice* . . . .") (emphasis added). In support of both claims, Plaintiff alleges that Defendant's work caused the port-side rudder to detach because Defendant departed from industry standards and failed to notify Plaintiff of this departure. *Id.* at ¶¶ 31–33, 35, 43.

The factual overlap between these claims demonstrates that the crux of the claims is the same. Thus, the Court cannot find that Defendant engaged in additional conduct, apart from the alleged contractual breach, that would amount to an independent tort. As Plaintiff's negligence claim cannot stand, the Motion is granted as to Count I.

  **B. Count III – Unjust Enrichment**

Plaintiff makes the same argument in support of its unjust enrichment claim that it previously made before the Court, namely that the Federal Rules allow alternative pleading. *Compare* [ECF No. 49 at 7], *with* [ECF No. 7 at 10]. Plaintiff's unjust enrichment claim still fails. Plaintiff alleges that it paid Defendant to work on the vessel, Defendant failed to perform work on the Vessel when it deficiently attached the rudder, and it would be unjust for Defendant to retain that money. [ECF No. 47 at ¶¶ 55–58]. This dispute is covered by the Agreement. As the Court held in its prior Order, since neither party disputes the existence of the Agreement, Plaintiff's

unjust enrichment claim fails. [ECF No. 27 at 6]; *see Vazquez v. Gen. Motors, LLC*, No. 17-civ-22209, 2018 WL 447644, at *7 (S.D. Fla. Jan. 16, 2018) ("[A]n unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute." (citation omitted)). Thus, the Motion is granted as to Count III.

      C.      **Count V – Gross Negligence**

Plaintiff's claim for gross negligence alleges no additional duties, and breaches thereof, apart from its ordinary negligence claim. The Court already found that the negligence claim was simply a restating of the breach of contract claim and, thus, failed. *See Great Lakes Reinsurance (UK) PLC v. Sunset Harbour Marina, Inc.*, No. 10-24469-CIV, 2012 WL 13012738, at *4 (S.D. Fla. Jan. 4, 2012) (dismissing gross negligence claim in maritime action where "the Marina's alleged duty to secure the facility is a restatement of the breach of contract claim"). Therefore, the Court finds that Plaintiff's gross negligence claim fails.

Even if this claim was not barred by the independent tort doctrine, the Court finds that it is insufficient as pled. "Gross negligence in an admiralty case is shown 'where a defendant knows of the risk of harm created by the defendant's conduct or knows facts that make the risk obvious to another in the defendant's situation and disregards that risk.'" *Id.* at 5 (citation omitted). Here, Plaintiff alleges in a conclusory fashion that Defendant knew that the failure to properly secure the rudders could lead to harm. However, Plaintiff does not allege that Defendant knew that its conduct was improper or could lead to harm – just that a general failure to properly secure the rudders could. *Compare* [ECF No. 47 at ¶¶ 72–74] (alleging that "Defendant knew that failure to secure the rudders could cause them to fall [and] could lead to serious harm or injury [and] Defendant nevertheless failed to properly secure the rudders"), *with Great Lakes Reinsurance (UK) PLC*, 2012 WL 13012738, at *5 (finding gross negligence claim was sufficiently pled because plaintiff

6

"alleged facts that attest to the aggravating character of the Club's conduct" such as that "the Club knew that its security cameras were not operational and that the Marina had not provided sufficient manned security [and] knew of the high risk of vessel theft"). Accordingly, the Motion is granted as to Count V.

### D. Plaintiff's Claims for Damages

Defendant asks the Court to strike certain prayers for relief as precluded by the Agreement. "Parties to a contract for the repair of a vessel may validly agree to limit the repairer's liability." *Diesel "Repower", Inc. v. Islander Invs. Ltd.*, 271 F.3d 1318, 1324 (11th Cir. 2001). However, a limitation of liability clause in a maritime contract is only enforceable when the clause "(1) clearly and unequivocally indicate[s] the parties' intentions; (2) [does] not absolve the repairer of all liability and still provide[s] a deterrent to negligence; and (3) the "businessmen" must have equal bargaining power so there is not overreaching." *Mount Sage, Ltd. v. Rolls-Royce Com. Marine Inc.*, 635 F. App'x 833, 836–37 (11th Cir. 2016) (citing *Diesel*, 271 F.3d at 1324). Plaintiff argues that the Agreement's limitation clause is unenforceable because it fails to meet the first two prongs. This determination is a fact-intensive inquiry that is best addressed at summary judgment. While the Court previously found that the limitation of liability provisions are enforceable, *see* [ECF No. 27 at 7], upon further consideration, the Motion to dismiss or strike Plaintiff's claims for special, consequential, indirect or incidental damages is denied.

## V.    CONCLUSION

Based on the foregoing reasons, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss for Failure to State a Claim or to Strike Certain Allegations, [ECF No. 48], is **GRANTED in part**.

2. Counts I, III, and V are **DISMISSED**.

7

3. The Motion to dismiss or strike Plaintiff's claims for certain damages is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of July, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE