UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN ADMIRALTY

CASE NO: 20-cv-62438-GAYLES/STRAUSS

NOBLE HOUSE, LLC,

    Plaintiff,

v.

DERECKTOR FLORIDA, INC.,

    Defendant.
_____/

**MOTION FOR EXTENSION OF TIME
TO COMPLETE DISCOVERY AND OF THE TRIAL PERIOD**

Noble House, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Local Rule 7.1(a)(1)(J), hereby moves this Honorable Court for an extension of time as detailed below.  In support, Plaintiff states the following:

1. Plaintiff requests an enlargement of the discovery period and a later trial date because new information was discovered during the deposition of Mr. Joel Ramos, the mechanic who installed the rudders on Plaintiff's vessel, which took place on July 20, 2022.  During this deposition, an additional undisclosed fact witnesses came to light who be important to Plaintiff's preparation of this case for trial.

2. The parties have diligently participated in discovery including voluminous written discovery, expert witness disclosures, voluminous document production, and nine (9) depositions. However, more time is required to depose newly discovered witnesses.

3. Good cause exists for the above-requested extension of time because additional discovery is needed to fully prepare the case as follows:

    a. During the deposition of one of Defendant's witness, on July 20, 2022 Plaintiff discovered the existence of Scott Sabetty. Mr. Sabetty was the supervisor of Joel Ramos, the mechanic employee that installed rudders on Plaintiff's vessel. Mr. Sabetty was not previously disclosed by Defendant in its Rule 26 Disclosures our in subsequent discovery. Plaintiff requests additional time to complete the deposition of this witness who may be important in proving how Defendant failed to properly secure the Vessel's rudders.

    b. During another deposition on July 29, 2022, Plaintiff also discovered the substance of expert opinions of non-party marine surveyor (Mr. Revel Boulon). While Plaintiff was previously aware of Mr. Boulon's involvement, Plaintiff was not aware and only recently discovered that Mr. Boulon shared his opinions concerning why the vessel's port-side rudder detached at sea with one of Defendant's experts, Mr. Frank Van Delft, and may have relied on these opinions in forming his own opinions. Plaintiff intends to request the deposition of Mr. Boulon's but anticipates privilege objections from non-parties to this litigation that will require motions practice. For instance, counsel representing the insurance company insuring Plaintiff's vessel has already informed Plaintiff that it objects to the deposition of Mr. Boulon, claiming that Mr. Boulon was acting as a consulting expert for the insurance company at the time of Mr. Boulon inspection.

4. Preparation of the case will also benefit from the deposition of a few additional witnesses including another witness controlled by Defendant, Ishmael Enriquez, who also worked

with Joel Ramos on the vessel's rudders.  He may possess further information concerning the critical issues in this case including why the port-side rudder was not properly attached, ultimately allowing he rudder to fall away while the Vessel was at sea.

5. Further, good case exists because Plaintiff's counsel is set for trial set for on the same date as the trial of this matter, October 24, 2022.  *See* Case No.: 0:20-cv-62643 (Certain Underwriters at Lloyd's, London v. Empress Marine Ventures, LTD); *see* [DE 64], p. 1 in Case No.: 0:20-cv-62643 (setting trial for October 24, 2022).

6. The current deadlines and proposed extended deadlines are as follows:

| **Current Scheduling Order** | **Proposed Extension** |
|---|---|
| **Trial:** October 24, 2022 [DE 57] | **Trial:** December 12-16, 2022 |
| **Calendar Call:** October 19, 2022 [DE 57] | **Calendar Call:** December 5-9, 2022 |
| **Rebuttal Expert:** April 29, 2022 [DE 57] | **Rebuttal Expert:** N/A |
| **End of Discovery:** August 12, 2022 [DE 60] | **End of Discovery:** September 30, 2022 |
| **Dispositive Motions:** August 26, 2022 [DE 57] (includes *Daubert* and Motions *In Limine*) | **Dispositive Motions:** October 21, 2022 (includes *Daubert* and Motions *In Limine*) |
| **Witness List:** September 14, 2022 [DE 57] | **Witness List:** September 30, 2022 |
| **Pre-Trial Stipulations:** August 26 2022 [DE 57] | **Pre-Trial Stipulations:** November 11, 2022 |

7. "District courts have 'unquestionable' authority to control their own dockets".  *Smith v. Psychiatric Sol., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal citation omitted). Therefore, the Court has the authority to grant the relief requested herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order setting forth the following deadlines:

| **Proposed Extension** |
|---|
| **Trial:** December 12-16, 2022 |
| **Calendar Call:** December 5-9, 2022 |
| **Rebuttal Expert:** N/A |
| **End of Discovery:** September 30, 2022 |
| **Dispositive Motions:** October 21, 2022 (includes *Daubert* and Motions *In Limine*) |
| **Witness List:** September 30, 2022 |
| **Pre-Trial Stipulations:** November 11, 2022 |

## LOCAL RULE 7.1(a)(3)(A) CERTIFICATE OF GOOD FAITH CONFERENCE: CONFERRED VIA PHONE WITHOUT REACHING AGREEMENT

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Plaintiff (the movant) conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Counsel for Defendant agreed to a short extension of the discovery period, but would not agree to the entire relief requested herein.

Dated: August 11, 2022                          Respectfully submitted,

 

**MOORE & COMPANY, P.A.**
*Counsel for Plaintiff*
255 Aragon Avenue, Third Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
cnaughton@moore-and-co.com
michael@moore-and-co.com

s/ Clay Naughton
Clay Naughton, Esq.
Florida Bar No. 29302

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Copies of this pleading will be automatically served on all counsel of record through the Court's CM/ECF system.

s/ Clay Naughton