UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62438-GAYLES/STRAUSS

NOBLE HOUSE, LLC,

      Plaintiff,

v.

DERECKTOR FLORIDA, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Verified Motion for Attorneys' Fees and Non-Taxable Costs ("Motion") [DE 191]. The Motion has been referred to me for the issuance of a report and recommendation. *See* [DE 192]. I have reviewed the Motion and all other pertinent portions of the record. Plaintiff has not responded to the Motion, and the deadline to file a response has passed. Therefore, the Court has discretion to grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c)(1) (noting that the failure to timely respond to a motion "may be deemed sufficient cause for granting the motion by default"). Moreover, the Motion makes clear that while Defendant attempted to comply in good faith with the conferral process outlined in Local Rule 7.3 for motions for attorneys' fees and non-taxable costs – including by emailing a draft motion and billing records to opposing counsel and by attempting to call opposing counsel – Plaintiff failed or refused to engage in the requisite conferral process. Plaintiff's failure to engage in the conferral process provides independent grounds to find that Plaintiff has waived objections to the Motion. *See Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2019 WL 12446711,

at *4 (S.D. Fla. Oct. 2, 2019).  Nonetheless, for the reasons discussed herein, I respectfully recommend that the Motion [DE 191] be **GRANTED IN PART and DENIED IN PART**.[1]

## A. BACKGROUND AND ENTITLEMENT

Defendant has established that it is entitled to an award of reasonable attorneys' fees and non-taxable costs.  On February 22, 2024 – following a bench trial held in this matter – the Court entered an Amended Final Judgment [DE 188] in Defendant's favor.  The Amended Final Judgment provides that Plaintiff shall take nothing on its claims.  Therefore, Defendant is clearly the prevailing party.  While Defendant's prevailing-party status alone does not permit fee shifting in this case,[2] a contract between the parties provides for an award of attorneys' fees and non-taxable costs to the prevailing party.  Specifically, the parties' agreement, states, in pertinent part, the following:

> In the event of a dispute arising under this Agreement, and whether or not a lawsuit or other proceeding is filed, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs. The reasonable costs to which the prevailing party is entitled shall include costs that are taxable under any applicable statute, rule or guideline, as well as non-taxable costs, including, but not limited to, costs of investigation, copying costs, electronic discovery costs, telephone charges, mailing and delivery charges, information technology support charges, consultant and expert witness fees, travel expenses, court reporter fees, and mediator fees, regardless of whether such costs are otherwise taxable.

---

[1] Because Plaintiff failed to respond to the Motion and failed to engage in the conferral process, I only recommend excluding (1) any fees and costs that are clearly unreasonable, excessive, or duplicative, and (2) any fees and costs for which Defendant failed to provide sufficient information to allow the Court to ascertain whether such fees and costs are reasonable (*e.g.*, for certain vague descriptions and for certain redacted entries).  I have carefully reviewed the Motion and the supporting documentation to determine which fees and costs should be excluded for either of the foregoing reasons.

[2] *See Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010) ("The prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course. . . . There are exceptions to the general rule precluding recovery of attorneys' fees. . . . Attorneys' fees will be awarded to the prevailing party in maritime cases if: (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." (internal citations and quotation marks omitted)).

[DE 18-1] at 8, ¶ 2.  The foregoing provision in the parties' contract, coupled with Defendant's prevailing party-status, entitles Defendant to an award of reasonable attorneys' fees and non-taxable costs in this matter.

**B.  REASONABLE ATTORNEYS' FEES**

When determining the reasonableness of attorney's fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable."  *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates.  *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437).  Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary.  *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434).  Entries for clerical or administrative tasks should also be excluded.  *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).  If fee applicants fail to exercise billing judgment,

3

courts must do it for them.  *Id.*  A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

Pursuant to the Motion, Defendant seeks an award of attorneys' fees in the amount of $294,440.75.  This sum is comprised of the following:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| J. Michael Pennekamp | 265.1 | $295 | $78,204.50 |
| Cameron W. Eubanks | 154 | $295 | $45,430 |
| Christopher B. Smith | 370.2 | $245 | $90,699 |
| Christopher B. Smith | 271.55 | $295 | $80,107.25 |
| Total | 1,060.85 | | $294.440.75 |

The reasonableness of the rates and hours sought is discussed herein.

### 1. Reasonable Hourly Rate

Because it is Defendant seeking an award of attorneys' fees, it has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303).  "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"  *Id.* at 436 (quoting *Norman*, 836

F.2d at 1299).  "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"  *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

Here, Defendant seeks to recover fees for the time expended by three attorneys.  All three attorneys are shareholders at their firm, Fowler White Burnett, P.A., though Mr. Smith was an associate during the majority of the time that this case was pending.  Defendant requests approval of a $295 hourly rate for Mr. Pennekamp and Mr. Eubanks.  For Mr. Smith, Defendant seeks a $245 hourly rate for hours Mr. Smith expended as an associate and a $295 hourly rate for hours Mr. Smith expended following his elevation to shareholder.  The Motion indicates that Defendant's counsel's fee agreement authorizes the foregoing rates.

In the Motion, Defendant contends that the requested hourly rates are not only reasonable, but lower than rates that have been awarded in similar maritime cases in this district.  The Motion, which is verified, also provides information regarding Defendant's attorneys' experience.  Mr. Pennekamp has been an attorney for over 30 years and specializes in maritime litigation and transactions.  Motion at 3-4.  Mr. Eubanks has been an attorney for over 13 years and specializes in maritime and admiralty law.  *Id.* at 4.  Finally, Mr. Smith has been an attorney for over 11 years and has specialized in maritime and admiralty litigation for approximately 7 years.  *Id.*

Based on my consideration of Defendant's attorneys' experience, skill, and qualifications, Eleventh Circuit case law and case law in this district, and my own knowledge regarding reasonable hourly rates in this market, I find the requested hourly rates to be reasonable.  In fact, I agree with Defendant that higher rates have been approved in comparable cases in this district.  At any rate, because the rates requested here are clearly reasonable, they should be approved.

### 2. Hours Reasonably Expended

As noted above, Defendant contends that its attorneys reasonably expended the following number of hours in connection with this matter.

| Attorney | Hours |
|---|---|
| J. Michael Pennekamp | 265.1 |
| Cameron W. Eubanks | 154 |
| Christopher B. Smith (at $245 associate rate) | 370.2 |
| Christopher B. Smith (at $295 shareholder rate) | 271.55 |

Based on my review and consideration of Defendant's attorneys' billing records and the record in this case, I find that counsel should be awarded most of the hours sought. In considering whether the hours sought are reasonable, I have balanced a few considerations. As discussed above, on the one hand, it is Defendant's burden to adequately document the reasonableness of counsel's hours and to exclude excessive, redundant, and unnecessary hours. Significantly, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. On the other hand, a party opposing a fee motion is required to specifically and precisely point out unreasonable hours. *See id.* ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman*, 836 F.2d at 1301)).

As noted above, the Court has discretion to grant the Motion by default and to find that Plaintiff waived any objections to the Motion based upon Plaintiff's failures to respond to the Motion and to engage in the required conferral process. Therefore, the reductions I recommend herein are for time entries that are clearly excessive, duplicative, or otherwise unreasonable (even without the benefit of a response), and for time entries where the descriptions are inadequate to

6

discharge Defendant's burden of documenting that the time sought was reasonably expended in connection with the litigation. *See supra* note 1.  Where two attorneys billed for unreasonably duplicative work, I only deducted the time for one attorney.  I do observe though that each of Defendant's attorneys made distinct contributions to the case and that only a limited number of hours are unreasonably duplicative. *Cf. Norman*, 836 F.2d at 1302 ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.").

Regarding Mr. Eubanks, I recommend excluding his 2/23/21 entry for 0.5 hours, his 9/16/22 entry for 0.9 hours, his 6/21/23 entry for 1.2 hours, and his 6/23/23 entry for 0.6 hours. These entries, totaling 3.2 hours, are duplicative of work performed by other attorneys.  However, Mr. Eubanks' remaining hours (150.8) are reasonable.

As to Mr. Smith, the Court should award 338.3 of the 370.2 hours he billed as an associate and 267.45 of the 271.55 hours he billed as a partner.  From the 370.2 associate hours, the following deductions should be made: (1) 0.2 hours for drafting a notice of appearance on 2/10/21 as such work is clerical; and (2) 31.7 hours for entries where the Court cannot conclude that the time was reasonably expended in connection with the litigation due to information that is redacted[3] (2/9/21 entry 0.8 hours for drafting report to client, 3/25/21 entries for 1.9 hours for drafting letters

---

[3] "[W]here a significant number of entries are severely redacted or it appears that fee counsel has failed to use billing judgment, it may be an abuse of discretion to award fees based on the redacted entries." *Dial HD, Inc. v. ClearOne Commc'ns*, 536 F. App'x 927, 931 (11th Cir. 2013) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002)).  However, a district court need not exclude time when, though redacted, the court is able to determine that the time billed was reasonably expended on the matter. *See id.*  Therefore, I have only excluded or deducted time on account of redactions (for Mr. Smith and Mr. Pennekamp) when the redactions make it difficult to ascertain whether the time was reasonably expended in connection with this case.

to insurer and client, 5/10/21 entry for 2.1 hours for drafting letter to client and insurer, 9/3/21 entry for 2.2 hours for drafting an updated report, 9/14/21 entry for 1.8 hours for drafting updated status report, 1/12/22 entry for 1 hour for drafting status report to adjusters, April 2022 entries totaling 3.4 hours for drafting updated report, four June 2022 entries totaling 1 hour that are completely redacted, five July 2022 entries totaling 4.9 hours that are completely redacted, 7/27/22 entry for 3.1 hours for drafting updated status report, 8/2/22 entry for 0.3 hours that is completely redacted, 9/12/22 entry for 0.9 hours for drafting email report to adjusters, 9/14/22 entry for 0.3 hours that is completely redacted, 9/27/22 entry for 1.7 hours for drafting updated report, 10/17/22 entry for 3.3 hours for drafting pre-trial report, and 11/4/22 entry for 3 hours for drafting updated status report to insurers and client).  Thus, a total of 31.9 hours should be excluded from the 370.2 hours Mr. Smith billed as an associate.

With respect to the hours Mr. Smith billed as a partner, I deducted a total of 1 hour from his March 2023 entries.  That is because his 3/14/23 entry for 0.7 hours and his 3/24/23 entry for 2.4 hours redact information such that the Court cannot conclude that all such hours were reasonably incurred in connection with the litigation.  I also deducted 2.5 hours from the 5.5 hours that Mr. Smith spent (in August 2023) in connection with replying to Plaintiff's response to Defendant's motion to tax costs.  Plaintiff's response to the motion to tax costs contains a page and a half of content and only objected to around $1,550 of the more than $14,000 Defendant sought in taxable costs.  But the 5.5 hours Mr. Smith spent reviewing the response and then outlining and preparing a reply amounted to $1,622.50.  The time expended was clearly excessive. Lastly, I have deducted 0.6 hours from Mr. Smith's 8/30/23 entry for 0.7 hours as the entry ("Assess court's docket re: status of . . .") is vague and fails to set forth what actual tasks were

performed. Thus, a total of 4.1 hours should be excluded from the 271.55 hours Mr. Smith billed as a partner.

Finally, for Mr. Pennekamp, the Court should award 250.6 of the 265.1 hours that have been requested. The following reductions should be made: (1) 3/22/21 entry for 0.2 hours for reviewing pro hac vice motion (excessive and duplicative); (2) 3.1 hours for vague entries that do not describe the tasks actually performed (*e.g.*, 2/8/21 entry stating "Consideration of status of matter, recent developments, and determine how to proceed"); (3) 0.8 hours for excessive and unreasonable time reviewing brief minute entries on 6/7/23; (4) 0.8 hours for duplicative time spent in connection with the motion to tax costs; and (5) 9.6 hours for entries where the Court cannot conclude that the time was reasonably expended in connection with the litigation due to information that is redacted (1.6 hours from early December 2020, 0.8 hours from 1/19/21, 0.8 hours from February 2021, 1 hour from 3/30/21, 0.4 hours from 5/10/21, 0.8 hours from 9/14/21, 1.2 hours from 1/18/22, 0.3 hours from 4/13/22, 0.2 hours from 5/4/22, 0.5 hours from 5/17/22, 0.9 hours from 7/31/22, 0.4 hours from 8/2/22, and 0.7 hours from 11/9/22). Thus, a total of 14.5 hours should be deducted from the 265.1 hours Mr. Pennekamp billed.

For the reasons discussed above, I find that Defendant has satisfied its burden of showing that the following hours were reasonably expended by each of its attorneys in this matter:

| Attorney | Hours |
|---|---|
| J. Michael Pennekamp | 250.6 |
| Cameron W. Eubanks | 150.8 |
| Christopher B. Smith (at $245 associate rate) | 338.3 |
| Christopher B. Smith (at $295 shareholder rate) | 267.45 |

### 3. Lodestar

For the reasons discussed in sections 1 and 2 above, I find that Defendant has established that the following rates, hours, and amounts are reasonable.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| J. Michael Pennekamp | 250.6 | $295 | $73,927 |
| Cameron W. Eubanks | 150.8 | $295 | $44,486 |
| Christopher B. Smith | 338.3 | $245 | $82,883.50 |
| Christopher B. Smith | 267.45 | $295 | $78,897.75 |
| Total | 1,007.15 | | $280,194.25 |

Therefore, the lodestar figure for this matter is $280,194.25.  I find that the lodestar represents a reasonable fee award here, and consequently, that Defendant should be awarded attorneys' fees in the amount of $280,194.25.

## C.  REASONABLE NON-TAXABLE COSTS

Defendant seeks an award of $49,067.95 in non-taxable costs.  The sum is comprised of the following amounts from 6 different expert invoices: (1) ABL USA, Inc. invoice dated April 28, 2022 for $3,600, [DE 191-2] at 2; (2) ABL USA, Inc. invoice dated August 31, 2022 for $4,781.25, [DE 191-2] at 3; (3) ABL USA, Inc. invoice dated June 30, 2023 for $5,486.70, [DE 191-2] at 4-5; (4) Martin Ottaway invoice dated February 14, 2022 for $19,200, [DE 191-2] at 6-9; (5) Martin Ottaway invoice dated April 27, 2022 for $3,600, [DE 191-2] at 10-11; and (6) Martin Ottaway invoice dated September 20, 2022 for $12,400, [DE 191-2] at 12-13.  As indicated in section A above, the parties' prevailing-party fee provision specifies that awardable non-taxable costs include, among other things, consultant and expert witness fees.  Therefore, Defendant is entitled to recover all reasonable expert witness fees.

Having examined the foregoing invoices, I cannot conclude that invoices 3 through 6 are unreasonable (particularly without the benefit of a response from Plaintiff).  Therefore, those amounts – $5,486.70, $19,200, $3,600, $12,400 – totaling $40,686.70 should be awarded.  However, unlike those invoices, invoices 1 and 2 do not provide any description of the work completed in connection with invoices 1 and 2.  Invoices 1 and 2 do state "[o]ur fee for professional services as per details attached," [DE 191-2] at 2-3, but no details are attached.  For the ABL USA

invoices, only invoice 3 attaches such detail.  *See* [DE 191-2] at 4-5.  Because invoices 1 and 2 do

not provide any detail or other information regarding the services performed, Defendant has not

provided sufficient information to allow the Court to evaluate whether the amounts billed pursuant

to invoices 1 and 2 are reasonable.  Therefore, the Court should only award the amounts reflected

in invoices 3 through 6 (totaling $40,686.70).

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 191]

be **GRANTED IN PART and DENIED IN PART**, and that the Court award Defendant

attorneys' fees in the amount of **$280,194.25** and non-taxable costs in the amount of **$40,686.70**.

The parties will have fourteen (14) days from the date of being served with a copy of this

Report and Recommendation within which to file written objections, if any, with the Honorable

Darrin P. Gayles, United States District Judge.  Failure to timely file objections shall bar the parties

from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar

the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this

Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. §

636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th

Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 17th day of April 2024.

Jared M. Strauss
**United States Magistrate Judge**